**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 19-cr-00529-REB-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. CHAD VOGT,

    Defendant.

_____

**PLEA AGREEMENT**
_____

The United States of America, by and through Rajiv Mohan, Assistant United States Attorney, and the defendant, Chad Vogt, personally and by counsel, Tom Goodreid, hereby submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1.

### I. AGREEMENT

**A. *Defendant's Obligations*:**

The defendant agrees to (1) plead guilty to Count 6 of the indictment; (2) admit to the forfeiture allegations contained in the indictment, as detailed below; and (3) waive his appeal rights, as detailed below.

**B. *Government's Obligations*:**

In exchange for the defendant's plea of guilty and waiver of his appellate rights, the United States agrees to (1) dismiss Counts 1 through 5 of the Indictment at sentencing; (2) recommend that the Court give the defendant full credit for acceptance of

1

Court's Exhibit

1

responsibility, unless the defendant engages in conduct that qualifies for the obstruction of justice enhancement under U.S.S.G. " 3C1.1 and 3E1.1, comment (note 4) between the time of the guilty plea and sentencing; and (3) as to imprisonment, request a sentence within the advisory guideline range as finally calculated by the Court unless a higher mandatory minimum sentence applies.   Should the guilty plea be vacated on the motion of the defendant, the government may, in its sole discretion, move to reinstate any or all of the counts dismissed pursuant to this agreement.

### C.  *Defendant's Waiver of Appeal*:

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following criteria: (1) the sentence exceeds the maximum penalty provided in the statute of conviction; (2) the sentence exceeds the advisory guideline range that applies to a total offense level of 25; or (3) the government appeals the sentence imposed.   If any of these three criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255).   This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds:   (1) the defendant should receive the benefit of an explicitly retroactive

change in the sentencing guidelines or sentencing statute; (2) the defendant was deprived of the effective assistance of counsel; or (3) the defendant was prejudiced by prosecutorial misconduct.

### D.   Forfeiture and Abandonment of Right, Title, and Claim to Seized Property

The defendant admits to the forfeiture allegations contained in the Indictment. The defendant further agrees to forfeit to the United States immediately and voluntarily any and all asserts and property, or portions thereof, subject to forfeiture, pursuant to 21 U.S.C. § 853 whether in the possession or control of the United States or in the possession or control of the defendant or the defendant's nominees or elsewhere.  The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil, and/or administrative forfeiture action.   Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose on the defendant in addition to forfeiture.

## II.   ELEMENTS OF THE OFFENSE

The parties agree that the elements of the offense to which the defendant will plead guilty are as follows:

*First*:   The defendant knowingly or intentionally distributed a controlled substance or possessed a controlled substance with the intent to distribute it, as charged;

*Second*:   The substance was in fact a mixture or substance containing a detectable amount of methamphetamine;

*Third*:   The amount of the controlled substance distributed or possessed by the defendant was at least 50 grams.

3

### III. STATUTORY PENALTIES

The maximum statutory penalty for a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii) is no less than five years' imprisonment and no more than 40 years' imprisonment, no more than a $5,000,000 find, or both; no less than four years' supervised release and no more than a life term of supervised release; and a $100 special assessment fee.   If a term of supervised release is imposed, any violation of the terms and/or conditions of supervision may result in an additional term of imprisonment.

### IV. COLLATERAL CONSEQUENCES

This felony conviction may cause the loss of civil rights including, but not limited to, the rights to possess firearms, vote, hold elected office, and sit on a jury.

### V. STIPULATION OF FACTS

The parties agree that there is a factual basis for the guilty plea that the defendant will tender pursuant to this plea agreement.   That basis is set forth below.   Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations.   To the extent that the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from hereafter presenting the Court with additional facts that do not contradict facts to which the parties have stipulated and which are relevant to the Court's guideline computations, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties stipulate and agree as follows:  On February 11, 2019, Chad Vogt sold 57.5 grams of a mixture or substance containing methamphetamine to a confidential source.  The deal took place in an RV parked in the parking lot of a Dollar General in Arvada, Colorado.  Vogt was in possession of the methamphetamine before giving it to the source.

On February 21, 2019, Vogt sold the confidential source 110.9 grams of a mixture or substance containing methamphetamine.  The deal took place in Vogt's vehicle, which was parked in the same Dollar General parking lot, in Arvada, Colorado.  Vogt was in possession of the methamphetamine before giving it to the source.

On March 7, 2019, Vogt sold 114.5 grams of a mixture or substance containing methamphetamine and 63.5 grams of heroin to the confidential source.  The source first met Vogt inside Vogt's vehicle, which was parked at the same Dollar General parking lot in Arvada, Colorado.  At this point, Vogt sold half of the methamphetamine to the source. Vogt said that he needed to meet his supplier of heroin.  Vogt and the confidential source drove (in the source's car) to a Panda Express in Westminster, Colorado.  Vogt got out of the car and met a man.  Vogt returned to the car and sold the confidential source the heroin.  Vogt and the source then drove back to the Dollar General parking lot.  Vogt returned to his car and made a telephone call.  Vogt then drove in his car to a trailer behind the Dollar General and returned to the parking lot a few minutes later, at which point Vogt sold the other half of the methamphetamine to the source.

On May 16, 2019, Vogt distributed 265 grams of a mixture or substance containing methamphetamine to the confidential source.  The deal took place at a Lowe's parking lot in Arvada, Colorado.  Vogt exited his car, went inside the source's car, and

5

immediately gave the source the methamphetamine. At this point, DEA agents confronted Vogt. The agents searched Vogt's car and found an additional 48.1 grams of a mixture or substance containing methamphetamine.

## VI. ADVISORY GUIDELINE COMPUTATION AND 18 U.S.C. § 3553 ADVISEMENT

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. To aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines (U.S.S.G.). To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

The parties understand that, although the Court will consider the parties' Guidelines estimate, the Court must make its own determination of the applicable Guidelines range. In doing so, the Court is not bound by the position of any party. The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which the Court deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. § 3553 factor.

    A.    The base offense level is **30**. U.S.S.G. § 2D1.1(a)(5) & (c)(5).

B.  Specific offense characteristics:  There are no specific offense characteristics.

C.  Adjustments:  There are no adjustments.

D.  The adjusted offense level therefore would be **30**.

E.  The defendant should receive a 3-level adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1.  The resulting total offense level therefore would be 27.

F.  The parties understand that the defendant's criminal history computation is tentative.  The criminal history category is determined by the Court based on the defendant's prior convictions.  Based on information currently available to the parties, it appears that the defendant's criminal history category would be **III**.  The Defendant reserves the right to contest the tentative calculation of his criminal history category as III.

G.  <u>Imprisonment</u>:  The advisory guideline range of imprisonment resulting from an offense level of **27** and the above criminal history category of **III** is **87-108 months**.  However, in order to be as accurate as possible, with the criminal history category undetermined at this time, an offense level of 27 could conceivably result in a guideline range from **70-162 months.**

H.  <u>Fine</u>:  Pursuant to § 5E1.2, with an offense level of 27, the fine range for this offense would be $25,000 to $5,000,000, plus applicable interest and penalties.

I.  <u>Supervised Release</u>:  The guideline range of supervised release under § 5D1.2 is 4-5 years.

## VII. ENTIRE AGREEMENT

This document, along with any supplements agreed to by the parties, states the parties' entire agreement. There are no other promises, agreements (or "side agreements"), terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government nor the defendant has relied, or is relying, on any terms, promises, conditions, or assurances not expressly stated in this agreement.

Date: 7-23-2020

_____
Chad Vogt
Defendant

Date: 7-27-20

_____
Thomas E. Goodreid
Attorney for the Defendant

Date: 7/27/2020

_____
Rajiv Mohan
Assistant United States Attorney