IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 19-cr-00529-REB-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  CHAD VOGT,

    Defendant.

## UNITED STATES' RESPONSE TO PSR OBJECTIONS

    The United States of America submits this brief response to defendant Chad Vogt's objections to the PSR.

    In those objections, Vogt argues that his January 23, 2019 arrest and subsequent conviction for possession of a controlled substance in Adams County is relevant conduct.  The consequences would be that this conviction would not receive any criminal history points and Vogt would not receive two criminal history points for committing the current offense while under a criminal justice sentence.

    In particular, Vogt argues that his possession of a personal-use amount of heroin on January 23, 2019 is relevant conduct both because it was part of a common scheme or plan as the offense of conviction and part of the same course of conduct.  The government disagrees.

    Generally speaking, the Tenth Circuit has "not addressed whether personal-use

drug quantities qualify as relevant conduct in possession-with-intent-to-distribute cases[,]" but has held that those quantities qualify as relevant conduct in manufacturing and conspiracy cases. *United States v. Niles*, 708 F. App'x 496, 507 (10th Cir. 2017) (citing *United States v. Wood*, 57 F.3d 913, 920 (10th Cir. 1995) and *United States v. Asch*, 207 F.3d 1238, 1243-44 (10th Cir. 2000)).

Other circuits are split on the question, but the prevailing view is that mere possession of a controlled substance for personal use is not relevant conduct to possession with intent to distribute a controlled substance. *See United States v. Fraser*, 243 F.3d 473, 475 (8th Cir. 2001) (noting split and discussing relevant authority). Given the weight of authority, Vogt's mere possession of heroin on January 23 should not count as relevant conduct to his subsequent distribution.

Indeed, for two offenses to be part of a common scheme or plan, they "must be substantially connected to each other by at least one common factor, such as common victims, common accomplices, common purpose, or a similar modus operandi." U.S.S.G. § 1B1.3, note 5(B)(i). None of those factors are on display here. The only germane similarity is that both offenses involve drugs in some general sense.

As for the same course of conduct, relevant factors include "the degree of similarity of the offenses, the regularity (repetitions) of the offenses, and the time interval between the offenses." U.S.S.G. § 1B1.3, note 5(B)(ii). Vogt has a stronger argument under this branch of relevant conduct given the temporal proximity between the possession and distribution. That said, the offenses are sufficiently different in kind—possession versus distribution—to be part of the same course of conduct.

Moreover, Vogt was separately arrested for the possession and he was separately convicted during the time frame covered by the indictment. Both of these facts serve to demarcate the possession as something separate from the distribution.

Dated:  August 5, 2021

Respectfully submitted,

MATTHEW T. KIRSCH
Acting United States Attorney

By:  s/ *Rajiv Mohan*
Rajiv Mohan
Assistant U.S. Attorney
U.S. Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202
Telephone: 303-454-0100
Fax:  303-454-0406
E-mail:  Rajiv.Mohan@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case:

Thomas Goodreid                    t.goodreid@comcast.net

By:  s/ *Rajiv Mohan*
Rajiv Mohan
Assistant U.S. Attorney
U.S. Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202
Telephone: 303-454-0100
Fax:  303-454-0406
E-mail:  Rajiv.Mohan@usdoj.gov